Lovett *et al. v.* Noble.

a judge, clerk, and lawyers figure in the record, and a bill of costs is tacked on to the end of it.

J. Pearson, for the plaintiff in error.

O. B. Ficklin, for the defendant in error.

---

Joseph Lovett and Hiram Ingersoll, appellants *v.* Mark Noble, Sen., appellee.

*Appeal from Cook.*

A settler upon the public lands of the United States, cannot maintain an action of trespass against a person who may enter and cut down the timber, upon a portion of the legal subdivision of land upon which he is settled, but which is not actually enclosed or occupied by such settler.

(1) R. L. 280; Gale's Stat. 287.

P*

Lovett *et al. v.* Noble.

This cause was tried at the May term, 1835, of the Cook Circuit Court, before the Hon. Sidney Breese and a jury. A verdict was rendered for the apellee for $195. Judgment was rendered on this verdict, and an appeal taken to this Court.

J. D. CATON and S. A. DOUGLASS, for the appellants.

The plaintiff, in an action of trespass *quare clausum fregit,* must show himself to be in the actual possession of the *locus in quo* at the time the trespasses complained of were committed. 1 Chit. Plead. 175–8; 1 Johns. 511; 12 Johns. 183; 2 Saunders' Plead. and Ev. 866, and cases there cited; 2 Wheat. Selwyn's N. P. 482, n. 1; 1 Term R. 430; 2 Phil. Ev. 132; Esp. N. P. 347, or 266 in Part 2d; 1 Wendell 466; 2 Ohio 105.

It is the exclusive province of the jury to judge of evidence, and to determine facts.

E. PECK and G. SPRING, for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action of *trespass quare clausum fregit,* commenced by Noble against Lovett and Ingersoll, in the Cook Circuit Court. The defendants below pleaded not guilty, and on the trial of the cause, moved the Court to instruct the jury, "That the plaintiff must show himself to have been in the actual and exclusive possession of the land at the time of the trespasses complained of; and that it was not sufficient for the plaintiff to show that he was residing upon and cultivating another part of the same legal subdivision, unless he also proved that the alleged trespasses were committed upon the part of the lot enclosed or under cultivation by him." This instruction the Court refused to give, but instructed the jury, that "The peaceable occupation and possession by building, or cultivating and residing on any portion of the legal subdivision of the public lands, not exceeding 160 acres, will entitle such possessor to an action against the unauthorized entry of any individual who may enter and cut down the timber, or interfere with the possession of such legal subdivision."

This instruction was clearly erroneous according to the decision of the case of Webb *v.* Sturtevant,(1) decided at the present term.

The judgment must therefore be reversed with costs.

*Judgment reversed.*

(1) Ante 181.